# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Crystal Gail Holbrooks, ) | |
| ) | Civil Action No. 2:13-cv-03586-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | |
| of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff Crystal Holbrooks ("Plaintiff") filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") pursuant to 42 U.S.C. § 405(g). This matter is before the court for review of the Report and Recommendation ("Report") of United States Magistrate Judge Mary Gordon Baker (ECF No. 24), issued in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a) D.S.C.

The Magistrate Judge recommended affirming the Commissioner's final decision denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF No. 24 at 17.) Plaintiff timely filed objections to the Magistrate Judge's recommendation. (ECF No. 25.) For the reasons set forth below, the court **ADOPTS** the Magistrate Judge's Report (ECF No. 24) and **AFFIRMS** the final decision of the Commissioner denying Plaintiff's claim for DIB and SSI pursuant to sentence four (4) of 42 U.S.C. § 405(g).

## I. FACTUAL AND PROCEDURAL BACKGROUND

A thorough recitation of the relevant factual and procedural background of this matter is discussed in the Report and Recommendation. (*See* ECF No. 24 at 2–4.) The court concludes,

upon its own careful review of the record, that the Magistrate Judge's factual and procedural summation is accurate and incorporates it by reference.

## II. LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews *de novo* only those portions of a Magistrate Judge's Report to which specific objections are filed, and the court reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "[T]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).

This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by

substantial evidence. *See Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

### III. ANALYSIS

Plaintiff makes no specific objections to the Report, stating that she believes "her Brief effectively stated her position" and briefly reiterating that the Administrative Law Judge ("ALJ") "did not afford enough weight to the findings of the treating physician." (ECF No. 25 at 1.)

Again, this court reviews *de novo* only those portions of the Report to which *specific* objections are filed. *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47. The court therefore reviews the Report in this case—to which such "general and conclusory" objections are made—only for clear error. *See id.*; *Parker v. Comm'r of Soc. Sec.*, No. 4:11CV00030, 2012 WL 1356593, at *5 (W.D. Va. Apr. 19, 2012) ("[G]eneral objections to a magistrate judge's report and recommendation, reiterating arguments already presented, lack the specificity required by [Fed. R. Civ. P.] 72 and have the same effect as a failure to object. In such circumstances, the district court should uphold the magistrate judge's report and recommendations unless clearly erroneous or contrary to law." (citing *Veney v. Astrue*, 539 F. Supp. 2d at 841, 844 (W.D. Va. 2008)). "Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection "make[s] the initial reference

to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." *Veney*, 539 F. Supp. 2d at 845–46.

Upon review of the Report and record, this court determines that the Magistrate Judge's findings were reasonable and void of clear error. The Magistrate Judge reasonably found that the Commissioner's final decision was based on substantial evidence, (ECF No. 24 at 6–17), and that the ALJ did not err in his findings that Plaintiff did not fulfil all of the requirements under *Albright v. Comm'r*, 174 F.3d 473, 475 n.2 (4th Cir. 1999)[1] such that she should be entitled to benefits. (*Id.*) And in response to Plaintiff's reiterated and cursory objection that the ALJ did not afford enough weight to the treating physician's findings in making his determination, (ECF No. 25 at 1), this court notes that the Report's conclusions on this issue are more than sensible. The Magistrate Judge specifically discusses how the ALJ adequately considered a range of factors under 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) in light of his decision not to give the treating opinion controlling weight. (ECF No. 25 at 7–9.) In sum, this court finds that the Report's assessments were not clearly erroneous or contrary to law.

## IV. CONCLUSION

For the reasons set forth herein, the court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 24) and **AFFIRMS** the final decision of the Commissioner denying Plaintiff's claim for DIB and SSI pursuant to sentence four (4) of 42 U.S.C. § 405(g).

---

[1] To be entitled to benefits, "[t]he claimant (1) must not be engaged in 'substantial gainful activity,' i.e., currently working; and (2) must have a 'severe' impairment that (3) meets or exceeds the 'listings' of specified impairments, or is otherwise incapacitating to the extent that the claimant does not possess the residual functional capacity ["RFC"] to (4) perform [the claimant's] past work or (5) any other work." *Albright v. Comm'r*, 174 F.3d at 475 n.2.

4

**IT IS SO ORDERED.**

United States District Judge

September 21, 2015
Columbia, South Carolina

5